JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ALVARENGA, | Case No. 2:26-cv-04088-PA-DMK |
| Petitioner, | |
| v. | **ORDER TRANSFERRING ACTION** |
| WARDEN, CENTRAL LOUISIANA | **TO THE WESTERN DISTRICT OF** |
| ICE PROCESSING CENTER, et al., | **LOUISIANA** |
| Respondents. | |

## I.      INTRODUCTION

On April 14, 2026, Petitioner Jose Luis Alvarenga, an immigration detainee proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") challenging his detention in immigration custody.  ECF 1. Petitioner is detained at the Central Louisiana ICE Processing Center.  *Id.* at 2. Petitioner names as Respondents the Warden of the Central Louisiana ICE Processing Center; the Field Office Director of Los Angeles ICE; the Secretary of the Department of Homeland Security; and the Director of U.S. Immigration and Customs Enforcement.  *Id.* at 1.  For the reasons set forth below, the Court

concludes that this action must be transferred to the U.S. District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1631.

## II. <u>DISCUSSION</u>

### A. The Petition Cannot Proceed Under 28 U.S.C. § 2241 in This Judicial District

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). For "core habeas petitions challenging present physical custody, jurisdiction lies in only one district: the district of confinement" where both the petitioner and his immediate custodian are within the court's territorial reach. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024) ("[W]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (internal quotation marks omitted)).

Here, the Petition challenges Petitioner's current detention at the Central Louisiana ICE Processing Center in Jena, Louisiana. ECF 1 at 2. Because Jena, Louisiana is located in the territorial boundaries of the Western District of Louisiana, this Court lacks jurisdiction under Section 2241 to entertain a challenge to his custody. *See* 28 U.S.C. § 84(b); *Doe*, 109 F.4th at 1199 ("Today we affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees. The district court erred in exercising jurisdiction over Doe's core habeas petition because Doe failed to name his immediate custodian as respondent to his petition and filed the petition outside the district of his confinement."). Therefore, the Petition cannot proceed in this judicial district.

2

**B.      This Action Should Be Transferred to the Western District of Louisiana**

When a civil action, including a habeas petition, is filed in a court lacking jurisdiction, transfer may be appropriate under 28 U.S.C. § 1631 if three conditions are satisfied:  (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice.  *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001).

Here, all three factors are satisfied.  First, this Court lacks jurisdiction under Section 2241 because the Petition challenges present physical custody outside of this district.  Second, the Western District of Louisiana could have exercised jurisdiction over the Petition when it was filed because Petitioner is detained within that district and Petitioner's custodian is subject to the authority of that judicial district.  Third, transfer would avoid unnecessary dismissal and refiling, thereby serving the interest of justice.  Accordingly, the Court concludes that this action should be transferred to the Western District of Louisiana in the interests of justice.  *See* 28 U.S.C. § 1631; *Cruz-Aguilera*, 245 F.3d at 1075 "Transfer to the district court of Cruz–Aguilera's habeas petition satisfies the requirements of 28 U.S.C. § 1631 because it will cure the jurisdictional defect and is in the interest of justice.").

## III.  **ORDER**

Pursuant to 28 U.S.C. § 1631, and in the interests of justice, it is hereby Ordered that the Clerk of this Court transfer this action to the U.S. District Court for the Western District of Louisiana.  *See, e.g., In re U.S. Dep't of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022) ("The order here merely transferred the action to another federal court and did not affect the viability of a claim or defense or the federal

//

3

appellate courts' ability to correct errors.  Thus, the transfer order was nondispositive, and the magistrate judge had jurisdiction to enter it.").

IT IS SO ORDERED.

DATED: May 15, 2026

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE